**STEVEN AMES BROWN**
Entertainment Law 83363
69 Grand View Avenue
San Francisco, California 94114-2741
415/647-7700 Tele
415/285-3048 Fax
sabrown@entertainmentlaw.com

**THERESE Y. CANNATA** SBN 88032
Cannata, Ching & O'Toole, LLP
100 Pine Street
San Francisco, California 94111
415/409-8900 Tele
415/409-8904 Fax
tcannata@ccolaw.com

Attorneys for Defendant Brown

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| METHVEN & ASSOCIATES, A PROFESSIONAL CORPORATION, | |
| Plaintiff, | CIVIL NO. 13-1079 JSW |
| v. | ANSWER OF STEVEN AMES BROWN TO COMPLAINT; DEMAND FOR TRIAL BY JURY |
| SCARLETT PARADIES-STROUD, *et al.*, | |
| Defendants. | |

Defendant Steven Ames Brown ("Defendant") responds to Plaintiff's *Complaint (Document 1),* as follows:

1. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 1, and on that basis denies each and every allegation contained therein. Defendant admits the allegations of the second sentence of paragraph 1.

2. Defendant admits the allegations of the first sentence of paragraph 2. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of paragraph 2, and on that basis denies each and every allegation contained therein.

3. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 3, and on that basis denies each and every allegation contained therein.

4. Defendant admits the allegations of paragraph 4.

5. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 5, and on that basis denies each and every allegation contained therein.

6. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 6, and on that basis denies each and every allegation contained therein.

7. Defendant admits the allegations of paragraph 7.

8. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 8, and on that basis denies each and every allegation contained therein.

9. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 9, and on that basis denies each and every allegation

contained therein.

10. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 10, and on that basis denies each and every allegation contained therein.

11. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 11, and on that basis denies each and every allegation contained therein.

12. The first sentence of paragraph 12 merely states Plaintiff's opinions or legal conclusions, and therefore no response is required. Defendant admits the allegations of the second and third sentences of paragraph 12.

13. Defendant admits the allegations of paragraph 13, except to the extent the allegations suggest that the inventory contains the entirety of the Nina Simone audio and audiovisual recordings of Nina Simone in Plaintiff's possession, custody or control.

14. Defendant admits the allegations of paragraph 14.

15. Defendant admits the allegations of paragraph 15, except to the extent it suggests that Mr. Stroud had any gifts from Nina Simone in his possession.

16. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 16, and on that basis denies each and every allegation contained therein.

17. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 17, and on that basis denies each and every allegation contained therein.

18. Defendant admits that there are such claims in some of the actions identified in paragraph 18 but lacks sufficient knowledge or information to form a belief as whether all identified actions contain such claims, and on that basis denies each and every other allegation contained therein.

19. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 19, and on that basis denies each and every allegation contained therein.

20. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 20, and on that basis denies each and every allegation contained therein.

21. Defendant admits the allegations of paragraph 21.

22. Defendant admits the allegations of paragraph 22.

23. Defendant admits the allegations of paragraph 23.

24. Defendant admits the allegations of paragraph 24.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims fail to allege sufficient facts to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable period of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

WHEREFORE, Defendant prays judgment as follows:

1. That Plaintiff account for all recorded audio and audiovisual performances of Nina Simone in its possession, custody or control;

2. That Defendant and the Estate of Nina Simone be confirmed as the owners of all property subjected to these proceedings;

3. For costs of suit.

4. For such other relief as the Court may deem just.

5. Defendant demands a trial by jury.

Dated: May 10, 2013

                                                Respectfully submitted,

                                                /x/

                                                STEVEN AMES BROWN,
                                                Defendant in *pro se*