1  Pursuant to Local 3-4(a)(1), please see signature page for list of parties.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METHVEN & ASSOCIATES, PROFESSIONAL | |
| Plaintiff in Interpleader, | C 13-1079 JSW |
| v. | |
| SCARLETT PARADIES-STROUD, et al., | |
| Defendants in Interpleader. | |
| _____/ | **NOTICE OF MOTION FOR JUDGMENT ON THE PLEADINGS AND FOR AN INJUNCTION** |
| | Date: February 7, 2014 |
| | Time: 9:00 a.m. |
| | Judge: Hon. Jeffrey S. White |

**TO THE COURT, PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on February 7, 2014 at 9:00 a.m. or as soon as this matter may be heard before the Honorable Jeffrey S. White in courtroom 11 on the 19th floor of the above-referenced court, Defendants in Interpleader Scarlett P. Stroud in her capacity as Executrix of the Estate of Andrew B. Stroud ("ABS") ("Executrix") s/h/a administrator of the Estate of Andrew B. Stroud, Andy Stroud, Inc. ("ASI") and Stroud Productions and Enterprises, Inc. ("SPE") (Executrix, ASI and SPE are collectively referred to as "Stroud.") will move pursuant to

(A)    Federal Rule of Civil Procedure (FRCP) 12(c) for judgment on the pleadings, and

(B)    FRCP 65 for an order directing Plaintiff to immediately return all property of Stroud in the possession of Plaintiff.

This motion is based upon the instant notice and motion, Memoranda of Law and accompanying Declaration of Scarlett P. Stroud in support of the motion, the Court's file in this matter, and such other and further matters as may be presented to the Court before or at the hearing.

Dated:  November 8, 2013

                                    **C. ROBINSON & ASSOCIATES, LLC**

                                    BY:_____/s/_____

W. Charles Robinson, Pro Hac Vice
Scarlett P. Stroud as Executrix of the Estate
of Andrew B. Stroud s/h/a administrator of
the Estate of Andrew B. Stroud, Andy
Stroud, Inc. and Stroud Productions and
Enterprises, Inc.
820 Second Avenue, Ste. 7B
The Diplomat Center
New York, N.Y. 10017
(212) 286-0423 (Tel)

(212) 286-0450 (Fax)
wcr@crobinsonllc.com

**BRUCE E. METHVEN**
2232 Sixth Street
Berkeley, CA 94710
510-649-4019 Tele
bmethven@methvenlaw.com
Attorney for Plaintiff

**DOROTHY M. WEBER (Admitted *Pro Hac Vice*)**
SHUKAT ARROW HAFER WEBER & HERBSMAN, L.L.P.
111 West 57th Street, Suite 1120
New York, NY 10019
Tel. (212) 245-4580
Fax (212) 956-6471
dorothy@musiclaw.com
*Attorneys for Lisa Simone Kelly As*
*Administrator of the Estate of Nina Simone*
 *Attorneys for Castle Rock Entertainment,*
*Warner Bros. Entertainment, Inc. and Warner*
*Specialty Films, Inc. d/b/a Warner*
*Independent Pictures.*

**STEVEN AMES BROWN**
Entertainment Law 83363
69 Grand View Avenue
San Francisco, California 94114-2741
415/647-7700 Tele
415/285-3048 Fax
sabrown@entertainmentlaw.com

1 | Pursuant to Local 3-4(a)(1), please see signature page for list of parties.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

METHVEN & ASSOCIATES, PROFESSIONAL

      Plaintiff in Interpleader,                C 13-1079 JSW

    v.

SCARLETT PARADIES-STROUD, et al.,

      Defendants in Interpleader.

_____/ **MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AND FOR AN INJUNCTION**

                                          Date: February 7, 2014

                                          Time: 9:00 a.m.

                                          Judge: Hon. Jeffrey S. White

# TABLE OF CONTENTS

ISSUES TO BE DECIDED………………………………………………………..………………1

RELEVANT FACTS…..…………………………………………………………………………1

ARGUMENT……………………………………………………………………………………...2

      FAILURE TO STATE A CAUSE OF ACTION……………………………………….2

          A.  COMMENCED IN BAD FAITH…………………………………………………..3

          B.  PARTY SEEKING INTERPLEADER MUST BE FREE FROM BLAME….5

          C.  PLAINTIFF IS GUILTY OF LATCHES…………………………………………..5

          D.  NO LEGITIMATE FEAR OF MULTIPLE LIABILITY…………………….5

          E.  PRIOR PENDING CASES…………………………………………………………6

          F.  SETTLEMENT OF ALL CLAIMS…………………………………………...6

      INJUNCTION………………………………………………………………………………7

CONCLUSION…………………………………………………………...…………………8

**ISSUES TO BE DECIDED**

The issues to be decided is whether

(1) Plaintiff's complaint fails to state a cause of action upon which relief can be granted against Defendants in Interpleader Scarlett P. Stroud ("Mrs. Stroud") in her capacity as Executrix of the Estate of Andrew B. Stroud ("ABS") ("Executrix") s/h/a administrator of the Estate of Andrew B. Stroud ("Estate"), Andy Stroud, Inc. ("ASI") and Stroud Productions and Enterprises, Inc. ("SPE") (Executrix, ASI and SPE are collectively referred to as "Stroud."),

(2) judgment on the pleadings should be entered in favor of Stroud because the complaint does not satisfy the requirements for an interpleader action, and

(3) an injunction should be issued requiring the immediate return of all property of Stroud in the possession of Plaintiff.

`

**RELEVANT FACTS**

This action arises in connection with three actions pending in this court entitled STEVEN AMES BROWN, Plaintiff, v. ANDREW B. STROUD, et al., Defendants C 08-02348 JSW, ANDREW B. STROUD, et al., Plaintiffs, v. CASTLE ROCK ENTERTAINMENT, et al., Defendants. C 09-03796 JSW, and LISA SIMONE KELLY, Plaintiff, v. WALLY ROKER, et al., Defendants. C 11-05822 JSW (collectively, the "California Litigation") as well as an action in the Surrogates Court of the State of New York entitled Proceeding by Scarlett P. Stroud, as Executrix Of the Estate of ANDREW B. STROUD a/k/a Andrew BENJAMIN Stroud, Deceased, To Discover Property Withheld, File No. 2012-1964 (the California Cases and the Surrogate's Court proceeding are collectively referred to as the "Pending Cases").

The Pending Cases involve competing claims between the parties to the rights to Nina Simone recordings ("The Works"). (1, ¶¶ 16, 17) At the onset and continuing during the litigation of the Pending Cases, portions of The Works were under the control of the various parties including Stroud, Steven Ames Brown ("Brown"), Lisa Simone Kelly, as Executrix of the Estate of Nina Simone ("Lisa").

1     The Plaintiff represented the interests of Stroud in the California Litigation pursuant to a retainer agreement ("Retainer").  (1, ¶ 16)

    Plaintiff has withdrawn as attorneys for Stroud pursuant to an order in the California Litigation dated October 31, 2011, entitled "ORDER REGARDING (1) MOTION TO WITHDRAW AS COUNSEL, (2) REFERRAL OF DISCOVERY, AND (3) CONTINUANCE OF CASE MANAGEMENT CONFERENCE."  (Exhibit A)

    During the course of representing Stroud in the California Litigation, certain items of the Works in the possession of Stroud consisting of the recordings listed in Attachment A to the complaint were provided to Plaintiff during discovery for the purposes of examination by adverse parties ("Discovery Property").  (1, ¶ 19)

    Contrary to the allegations in ¶ 19 the complaint (1), the Executrix has requested and demanded that Plaintiff deliver and return the Discovery Property to her, but Petitioner has failed, refused and neglected to deliver the same to Executrix and instead commenced the instant proceeding.  (Exhibit B)

## ARGUMENT

## FAILURE TO STATE A CAUSE OF ACTION

FRCP 12(c)[1] permits a party to move for judgment on the pleadings at any time after the pleadings close and before the trial commences.  Judgment on the pleadings should be granted where even if all allegations in the complaint are true, the movant is entitled to judgment as a matter of law.  ***Marshall Naify Revocable Trust v. U.S.,*** 672 F. 3d 620 (C.A.9 (Cal.) 2012.; ***Westlands Water Dist. v. Firebaugh Canal,*** 10 F. 3d 667 (C.A.9 (Cal.) 1993.  The standard for assessing a motion for judgment on the pleadings is the same as the standard for a motion to

---

[1] **Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing**
**…** (c) MOTION FOR JUDGMENT ON THE PLEADINGS. After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.

1  dismiss for failure to state a cause of action. ***U.S. v. In re Seizure of One Blue Nissan Skyline***
2  ***Auto., and One Red Nissan Sky-Line,*** 683 F. Supp. 2d 1087 (C.D. Cal. 2010).
3
4  **A.   COMMENCED IN BAD FAITH:**
5  Interpleader in the Federal Courts proceeds in two stages:  the first stage where the court
6  determines whether interpleader is appropriate under the facts of the case, and the second stage
7  where the court adjudicates the claims and determines the outcome. ***Truck-A-Tune, Inc. v. Re,***
8  856 F. Supp. 77 (D. Conn. 1993).
9       In order to maintain an action for interpleader, the stakeholder must not be guilty of bad
10 faith. ***Gelfgren v. Republic Nat'l Life Ins. Co.,*** 680 F. 2d 79, 81 (9th Cir. 1982)
11      The Complaint states that "Andrew Stroud has never reclaimed the property, leaving it in
12 Plaintiff's possession."  (1, ¶ 19)  Beginning in August of 2012, Plaintiff was instructed to
13 forward all Discovery Property to the attorney for the Estate.  (Exhibit B)  Despite directions
14 from the attorneys for the Estate and the Executrix to forward the Discovery Property, and
15 assurances from the Plaintiff that he would comply, the Discovery Property was not forwarded.
16 The executrix continued to request that the Discovery Property be returned.  On August 13,
17 2013, Plaintiff informed the Executrix for the first time that he intended to hold onto the
18 Discovery Property pending his dismissal as attorney of record for Stroud in the California
19 Litigation and to seek permission from the Magistrate overseeing discovery in the California
20 Litigation. (Exhibit C)  Rule 4-100(C)[2] of the California Bar Association (CBA)  requires a
21 member to return a client's property upon request of the client.  Plaintiff's refusal to return the
22 Discovery Property was in violation of this rule.  Moreover, Plaintiff disclosed that he had
23 discussed this issue with opposing counsel without consent of Stroud.  This action constitutes a
24 violation of the attorney/client privilege.

---

[2] **Rule 4-100 Preserving Identity of Funds and Property of a Client**
… (B) A member shall:
 (4) Promptly pay or deliver, as requested by the client, any funds, securities, or other properties in the possession of the member which the client is entitled to receive.

1  Demands for the return of the Discovery Property continued into September of 2012 with
2  Plaintiff giving evasive and blatant misrepresentations to the demands claiming to have only
3  copies of the Works.  (Exhibit D)  Plaintiff's allegation that Discovery Property consists of "just
4  copies" is completely contrary to his assertion in the Complaint that "The property at issue,
5  inventoried in **Attachment A**, which is incorporated by this reference, includes original audio
6  and video recordings of Nina Simone, a well-known and highly-regarded deceased jazz singer
7  (the "Property"(sic))."  (1, ¶ 13)
8  On October 11, 2012, Plaintiff advised the Executrix and counsel for the Estate that Rule
9  3-700[3] of the California Bar Association (CBA) required the return of all property of a client
10 upon termination of employment.  (Exhibit E)  On October 31, 2012, Plaintiff was dismissed as
11 counsel for Stroud by order of the court.  Despite his dismissal as counsel for Stroud and his
12 clear awareness of the CBA Rules requiring the return of the Discovery Property, Plaintiff
13 continued to retain the Discovery Property and continued to communicate with opposing counsel
14 and to defer to the wishes of opposing counsel.  Plaintiff continued to retain the Discovery
15 Property despite the advice of outside counsel to return the Discovery Property immediately.
16 Plaintiff continued to retain the Discovery Property despite the fact that no judge issued an order
17 for the retention of the Discovery Property.  Plaintiff continued to retain the Discovery Property
18 despite the failure of the opposing parties to make a motion regarding possession of the
19 Discovery Property.
20 In view of the foregoing, it is clear that Plaintiff had every reason, opportunity and legal
21 basis for returning the Discovery Property and instead chose to hold onto the Discovery Property
22 and commence this action.  Plaintiff's actions go beyond bad faith and constitute malpractice for

---

[3] **Rule 3-700 Termination of Employment**
…(D) Papers, Property, and Fees.
A member whose employment has terminated shall:
 (1) Subject to any protective order or non-disclosure agreement, promptly release to the client, at the request of the client, all the client papers and property. "Client papers and property" includes correspondence, pleadings, deposition transcripts, exhibits, physical evidence, expert's reports, and other items reasonably necessary to the client's representation, whether the client has paid for
them or not….

refusing to return the property of a client in the absence of any order or agreement to the contrary. **Schultz v. Harney,** 33 Cal. Rptr. 2d 276, 27 Cal. App. 4th 1611 (Cal. App. 2Dist. 1994); **American Prairie Const. v. Tri-State Financial,** 369 F. Supp. 2d 1112 (D.S.D. 2005) Accordingly, an interpleader action is not available to the Plaintiff.

### B.  PARTY SEEKING INTERPLEADER MUST BE FREE FROM BLAME:

The party seeking interpleader must be free from blame in causing the controversy. **Prudential Ins. Co. of America v. Hovis,** 553 F. 3d 258 (C.A. 3 (Pa.) 2009); **Farmers Irrigating Reservoir Co. v. Kane,** 845 F. 2d 229 (C.A. 9 (Ariz.) 1985) Plaintiff has caused the controversy in this case by violating the CBA rules requiring the return of the Discovery Property to his client. Moreover, Plaintiff's actions in consulting with opposing counsel regarding the return of the Discovery Property to Stroud directly led to the creation of this manufactured controversy. Accordingly, Plaintiff cannot have relief by interpleader.

### C.  PLAINTIFF IS GUILTY OF LATCHES:

A party is guilty of latches and is not entitled to interpleader where they unreasonably delay the commencement of the action. **Mendez v. Teachers Ins. and Annuity Ass'n and College Retirement Equities Fund,** 982 F. 2d 783 (C.A. 2 (N.Y.) 1992). Stroud first requested the return of the Discovery Property in August of 2012. Plaintiff commenced this action in March of 2013: nearly eight months after Stroud directed Plaintiff to return the Discovery Property. Accordingly, Plaintiff is guilty of latches and interpleader is not available to Plaintiff.

### D.  NO LEGITIMATE FEAR OF MULTIPLE LIABILITY:

The first requirement of interpleader is that the stakeholder must legitimately fear multiple liability resulting from multiple litigation. **Michelman v. Lincoln Nat'l Life Ins. Co.,** 685 F. 3d 887, 894 (9th Cir. 2012) In determining whether interpleader is proper, the court must first determine whether the stakeholder legitimately fears multiple liability resulting from multiple litigation directed at a single stake. As set forth above, the Discovery Property as well

1  as the other Works of Nina Simone are already the subject of litigation in the Pending Cases.
2  Accordingly, Plaintiff can not legitimately claim a fear of multiple liability from multiple
3  litigation.  In fact, it is Plaintiff's commencement of this action that has been the cause of
4  multiple litigation.
5      In addition, the threat of multiple liability must arise from a single obligation or right.
6  **_Bradley v. Kochenash,_** 44 F. 3d 166 (2nd Cir, 1995)  No case can be made under interpleader
7  where the stakeholder has an independent liability with a claimant.  **_Lee v. West Coast Life Ins._**
8  **_Co.,_** 688 F. 3d 1004 (C.A. 9 (Cal.) 2012);  **_Progressive Cas. Ins. Co. v. Belmont Bancorp,_** 199
9  F.R.D. 219 (S.D. Ohio 2001) (holding that the "independent liability doctrine" precludes a case
10 for interpleader where the stakeholder has an independent personal agreement with a claimant)
11 In this case, Plaintiff is an agent of Stroud with fiduciary obligation to his client.  **_Health_**
12 **_Maintenance Network v. Blue Cross of So. California,_** 249 Cal. Rptr. 220, 202 Cal. App. 3d
13 1043, **_review denied._** (Cal. App. 2Dist. 1988).  As such, Plaintiff is independently liable to
14 Stroud for improperly refusing to return the Discovery Property.
15
16 **E.    PRIOR PENDING CASES:**
17     Interpleader is not appropriate where there is a prior pending case which will provide an
18 adequate remedy.  **_Blue Mako, Inc. v. Minidis,_** 472 F. Supp. 2d 690 (M.D.N.C. 2007);
19 **_Financial Guar. Ins. Co. v. City of Fayetville, Ar.,_** 749 F. Supp. 934, **_affirmed_**, 943 F. 2d 925
20 (W.D. Ark. 1990).  As noted above, the Pending Cases provide an adequate remedy to all parties.
21
22 **F.    SETTLEMENT OF ALL CLAIMS:**
23     Interpleader is improper where it will not settle all outstanding claims among the parties.
24 **_Republic of Philippines v. Pimentel,_** 128 S. Ct. 2180, 553 U.S. 851, 171 L. Ed. 2d 131, **_on_**
25 **_remand Merrill Lynch, Pierce, Fenner and Smith, Inc. v. ENC Corp.,_** 535 F. 3d 1010 (U.S.
26 2008).  The interpleader action concerns only the Discovery Property.  The Pending Claims
27 encompass the Discovery Property as well as the remainder of the Works.  Additionally, the

interpleader action will not resolve Stroud's claims against Plaintiff. Accordingly, interpleader is not appropriate under these circumstances.

## INJUNCTION

A mandatory injunction may be issued by a federal court pursuant to FRCP 65(d)[4] requiring a party to perform a specific act to remedy harmful conduct. Where the injunction is issued to maintain the status quo, it is considered a prohibitory injunction. **_N.D. Ex REL. Guard. Ad Litem v. HI Dept. of Educ.,_** 600 F. 3d 1104 (9th Cir. 2010). The "status quo" means "the last, uncontested status which preceded the pending controversy." **_Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,_** 571 F. 3d 873, 879 (9th Cir. 2009).

The last uncontested status which preceded this controversy consisted of the Discovery Property in the ownership, possession and control of Stroud through its agent and representative, the Plaintiff where it remains at this time. The return of the Discovery Property to Stroud will return the parties to the positions they occupied before the commencement of this action and Plaintiff's clearly illegal refusal to return the Discovery Property to its client. Otherwise, Stroud will be deprived of their portion of the Works while the other parties will continue to have access to their portion of the Works during the pendency of the California Litigation. Moreover, the Discovery Property is a part of the Estate and should be returned to the possession of the Executrix.

---

[4] **Rule 65. Injunctions and Restraining Orders**
  … (d) CONTENTS AND SCOPE OF EVERY INJUNCTION AND RESTRAINING ORDER.
(1) Contents. Every order granting an injunction and every restraining order must:
(A) state the reasons why it issued;
(B) state its terms specifically; and
(C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.
(2) Persons Bound. The order binds only the following who receive actual notice of it by personal service or otherwise:
(A) the parties;
(B) the parties' officers, agents, servants, employees, and attorneys; and
(C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

1    In view of the clear legal requirement as set forth above requiring the Plaintiff to return
2    the Discover Property to its client, and the failure of Plaintiff to satisfy the requirements for an
3    interpleader action, there is no basis for Plaintiff to take any action other than the return of the
4    Discovery Property to Stroud.

## CONCLUSION

6    On the basis of the foregoing, the court should dismiss the interpleader action and order
7    the return to the Discovery Property to Stroud immediately.

9    Dated:  November 8, 2013                    **C. ROBINSON & ASSOCIATES, LLC**

10                                               BY:_____/s/_____

11                                               W. Charles Robinson, Pro Hac Vice
12                                               Scarlett P. Stroud as Executrix of the Estate
13                                               of Andrew B. Stroud s/h/a administrator of
14                                               the Estate of Andrew B. Stroud, Andy
15                                               Stroud, Inc. ("ASI") and Stroud Productions
16                                               and Enterprises, Inc.
17                                               820 Second Avenue, Ste. 7B
18                                               The Diplomat Center
19                                               New York, N.Y. 10017
20                                               (212) 286-0423 (Tel)
21                                               (212) 286-0450 (Fax)
22                                               wcr@crobinsonllc.com

27   **BRUCE E. METHVEN**
28   2232 Sixth Street
29   Berkeley, CA 94710
30   510-649-4019 Tele
31   bmethven@methvenlaw.com
32   Attorney for Plaintiff

34   **DOROTHY M. WEBER (Admitted *Pro Hac Vice*)**
35   SHUKAT ARROW HAFER WEBER & HERBSMAN, L.L.P.

| | |
|---|---|
| 1 | 111 West 57th Street, Suite 1120 |
| 2 | New York, NY 10019 |
| 3 | Tel. (212) 245-4580 |
| 4 | Fax (212) 956-6471 |
| 5 | dorothy@musiclaw.com |
| 6 | *Attorneys for Lisa Simone Kelly As* |
| 7 | *Administrator of the Estate of Nina Simone* |
| 8 | *Attorneys for Castle Rock Entertainment,* |
| 9 | *Warner Bros. Entertainment, Inc. and Warner* |
| 10 | *Specialty Films, Inc. d/b/a Warner* |
| 11 | *Independent Pictures.* |
| 12 | |
| 13 | **STEVEN AMES BROWN** |
| 14 | Entertainment Law 83363 |
| 15 | 69 Grand View Avenue |
| 16 | San Francisco, California 94114-2741 |
| 17 | 415/647-7700 Tele |
| 18 | 415/285-3048 Fax |
| 19 | sabrown@entertainmentlaw.com |