IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METHVEN AND ASSOCIATES PROFESSIONAL CORPORTATION,<br><br>    Plaintiff,<br><br>  v.<br><br>SCARLETT PARADIES-STROUD, as administrator of the ESTATE OF ANDREW B. STROUD, et al.,<br><br>    Defendants.<br>_____/ | No. C 13-01079 JSW<br><br>**ORDER CONTINUING CASE MANAGEMENT CONFERENCE AND TO SHOW CAUSE** |

In light of the pending motions, the Court HEREBY CONTINUES the case management conference to February 28, 2014 at 1:30 p.m. The parties shall file a **joint** case management statement by no later than February 21, 2014. In this statement, the parties shall propose relevant deadlines. Any party failing to meet and confer in advance of this date and participating in the joint statement will be sanctioned.

The Court Orders counsel for Scarlett Paradies-Stroud ("Pardies-Stroud") as the administrator of the Estate of Andrew B. Stroud ("Stroud Estate"), Andy Stroud, Inc. ("ASI"), and Stroud Productions and Enterprises, Inc. ("SPE") (collectively referred to as "Stroud Defendants") to Show Cause ("OSC") in writing by no later than November 22, 2013 why he should not be sanctioned in the amount of $500 for failing to participate in and file a joint case management statement by November 8, 2013 as was required for the case management conference scheduled for November 15, 2013. Methven & Associates Professional Corporation

1  attested to contacting W. Charles Robinson, counsel for the Stroud Defendants, on October 7,
2  2013 regarding the required joint conference statement, well in advance of the November 8,
3  2013 deadline. (Declaration of April Sommer, ¶ 2.) However, it does not appear as though Mr.
4  Robinson ever responded.

5  The Court notes that on November 13, 2013, counsel for the Stroud Defendants filed a
6  letter providing a telephone number to be contacted for the case management conference.
7  However, counsel never received leave of Court to appear by telephone. Counsel is
8  admonished that he cannot appear by telephone for any court appearance without receiving
9  prior leave of Court. Counsel must either file a stipulation or an administrative motion to
10 request leave with sufficient time in advance of the scheduled appearance to enable the other
11 parties to oppose, if there is no stipulation, and for the Court to rule. If Court provides such
12 requested leave, a landline must be provided at least five days before the scheduled Court
13 appearance.

14 This matter is set for a hearing on January 24, 2014 on the motion to deposit property
15 filed by Methven & Associates Professional Corporation. Pursuant to Local Civil Rule of the
16 Northern District 7-3, an opposition or statement of non-opposition to this motion was due to be
17 filed and served by no later than November 6, 2013. The Stroud Defendants are Ordered to
18 Show Cause in writing, by November 21, 2013, why the pending motion to deposit property
19 should not be granted in light of their failure to file a timely opposition or statement of non-
20 opposition. If the Stroud Defendants seek to file a substantive response to the motion to deposit
21 funds, they must demonstrate good cause for failing to their opposition brief in a timely fashion.
22 If the Stroud Defendants demonstrate good cause for their delay and the Court permits the filing
23 of a substantive response to the motion, Methven & Associates Professional Corporation may
24 file a reply within one week after the substantive response is filed.

25 Pursuant to Northern District Civil Local Rule 11-3, through his applications to appear
26 *pro hac vice*, Mr. Robinson agreed to abide by the Standards of Professional Conduct set forth
27 in Civil Local Rule 11-4, which include "practic[ing] with the honesty, care, and decorum
28 required for the fair and efficient administration of justice" and "discharg[ing] his ... obligations

to his ... client and the Court." As previously admonished, the Court will revoke his *pro hac vice* status on behalf of the Stroud Defendants if he continues to disregard the Local Rules and Orders of the Court or not practice with care.

On June 10, 2013, Methven & Associates Professional Corporation filed a proof of service attesting that Wally Roker d/b/a ICU Ent. Dist. d/b/a Wally Roker Music was personally served on May 28, 2013. Wally Roker has not yet made an appearance. By no later than November 22, 2013, Methven & Associates Professional Corporation shall advise the Court whether it intends to move for entry of default against Mr. Roker and if not, how this action should proceed with respect to Mr. Roker.

**IT IS SO ORDERED.**

Dated: November 14, 2013



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

Case3:13-cv-01079-JSW Document66 Filed11/14/13 Page4 of 4