IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

METHVEN AND ASSOCIATES PROFESSIONAL CORPORTATION,

    Plaintiff,

v.

SCARLETT PARADIES-STROUD, as administrator of the ESTATE OF ANDREW B. STROUD, et al.,

    Defendants.

                               /

No. C 13-01079 JSW

**ORDER REGARDING ORDER TO SHOW CAUSE**

On November 14, 2013, the Court issued an Order to Show Cause ("OSC") to Scarlett Paradies-Stroud ("Paradies-Stroud") as the administrator of the Estate of Andrew B. Stroud ("Stroud Estate"), Andy Stroud, Inc. ("ASI"), and Stroud Productions and Enterprises, Inc. ("SPE") (collectively referred to as "Stroud Defendants") as to why the pending motion to deposit property should not be granted in light of their failure to file a timely opposition or statement of non-opposition. The Court further held that if the Stroud Defendants seek to file a substantive response to the motion to deposit funds, they must demonstrate good cause for failing to their opposition brief in a timely fashion.

The Court further noted that pursuant to Northern District Civil Local Rule 11-3, through his applications to appear *pro hac vice*, counsel for the Stroud Defendants, Mr. Robinson, agreed to abide by the Standards of Professional Conduct set forth in Civil Local Rule 11-4, which include "practic[ing] with the honesty, care, and decorum required for the fair

and efficient administration of justice" and "discharg[ing] his ... obligations to his ... client and the Court." The Court *again* admonished Mr. Robinson that the Court will revoke his *pro hac vice* status on behalf of the Stroud Defendants if he continues to disregard the Local Rules and Orders of the Court or not practice with care.

On November 21, 2013, the Stroud Defendants filed a response to the OSC. In their response, counsel for the Stroud Defendants argues[1] that he did not receive any notice of the administrative motion to deposit property filed by plaintiff Methven & Associates Professional Corporation ("Plaintiff") on October 10, 2013. They further argue that on October 21, 2013, Plaintiff emailed all parties and advised them that the Court chose not to act on the administrative motion and instead is requiring a noticed motion to deposit the property. The Stroud Defendants argue that they did not receive any notice of the Court's action or of Plaintiff's filings. The Stroud Defendants state that they did not receive any further notices from any of the parties or of the Court until November 7, 2013.

The Stroud Defendants then vaguely assert that "[i]n the interim," their counsel, Mr. Robinson, received a message from the ECF System that it was having difficulty sending notices due to a problem with counsel's e-mail provider. Mr. Robinson does not state when he received this purported message or provide any proof of this message. Moreover, based on the Court's records, emails of all documents electronically filed in October were successfully sent to Mr. Robinson's email address.

The Stroud Defendants then request an additional week to file a substantive response to the "Administrative Motion." The fact that the Stroud Defendants request time to respond to the administrative motion, as opposed to the noticed motion as required by the OSC, demonstrates, again, that Mr. Robinson is not paying careful attention to the Court orders and his obligations on behalf of his clients in this litigation.

---

[1] The Court notes that the Stroud Defendants did not file any declaration in support of their response. They merely filed a response to the OSC and attached emails without any declaration attesting to any of the facts within the response or to the authenticity of the emails. The Stroud Defendants are admonished that in the future, the Court will not consider or accept any unsupported facts asserted in a brief or documents that are not verified by and attached to a supporting declaration.

2

The Stroud Defendants' response to the OSC is woefully inadequate. Based on the emails attached to their response to the OSC, Mr. Robinson was on notice as of October 10, 2013, that Plaintiff intended to file an administrative motion. On October 21, 2013, when Mr. Robinson received the email from Plaintiff indicating that the Court took action with respect to the administrative motion, he was on notice that documents were electronically filed of which he purportedly did not receive notice. At that point, Mr. Robinson had an obligation to investigate and to check the docket. Notably, Mr. Robinson does not attest to when he became aware that the noticed motion had been filed. At the very latest, Mr. Robinson was on notice of the noticed motion by November 8, 2013, when all of the parties except the Stroud Defendants filed a joint case management statement. Until the Stroud Defendants filed their response to the OSC, Mr. Robinson never informed the Court or the other parties that he had not received notification of motions that had been filed. Moreover, as soon as Mr. Robinson discovered that a noticed motion to deposit property had been filed on October 23, 2013, Mr. Robinson should have started drafting the opposition brief and should have requested an extension of time. Instead, Mr. Robinson filed a response to the OSC on the last possible day it was due and merely requested an additional week to file an opposition.

Other courts have rejected similarly unjustified excuses. *See Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 413 (4th Cir. 2010) (finding that an attorney who was aware he was having email difficulties "should have regularly accessed the court's docket to monitor case activity, notified the court and opposing counsel of his computer problems, or found another way to stay informed regarding any developments in the case – particularly since the local rules required electronic filing"); *Fox v. American Airlines, Inc.,* 389 F.3d 1291, 1295 (D.C. Cir. 2004) ("Regardless whether he received the e-mail notice, [plaintiff's attorney] remained obligated to monitor the court's docket."); *United States ex rel. McAllan v. City of New York,* 248 F.3d 48, 53 (2d Cir. 2001) ("[P]arties have an obligation to monitor the docket sheet to inform themselves of the entry of orders...."); *Matthews v. NPMG Acquisition Sub, LLC*, 2011 WL 905114, 5 (D. Ariz. March 15, 2011)(rejecting counsel's failure to investigate the

3

consequences of the failure of his email system as "careless and irresponsible" and finding that counsel should have contacted the Clerk to ensure that he had not missed any filings).

Nevertheless, because the Court prefers to address matters on the merits, and not because the Stroud Defendants have made any showing of good cause, the Court will allow the Stroud Defendants to file a substantive opposition to the noticed motion to deposit property by no later than December 10, 2013. Any replies in support of the motion may be filed by no later than December 17, 2013.

Due to Mr. Robinson's repeated failures to follow the Local Rules, the Court's orders and to practice with care, the Court HEREBY ISSUES a further Order to Show Cause to him as to why he should not be personally sanctioned in the amount of $5,000 and why his *pro hac vice* status on behalf of the Stroud Defendants should not be revoked. The Court further notes that *after* the Court repeatedly admonished Mr. Robinson not to represent that the Court received a letter on November 20, 2012, Mr. Robinson *twice* filed documents in this Court and before the Ninth Circuit representing that he sent the Court sent this letter on November 20, 2012. On April 17, 2013, the Court admonished Mr. Robinson that:

> Mr. Robinson does not appear to be reading the Court's Orders carefully. To be clear, the Court did not properly receive the letter dated November 20, 2012 until March 18, 2013. Mr. Robinson is admonished that he shall not continue to represent that the Court was informed of the letter dated November 20, 2012 at any time before March 18, 2013. Violations of this order will be sanctioned, payable directly by Mr. Robinson.

(Docket No. 559 in Case No. 08-cv-2348.) Mr. Robinson shall respond to this OSC in writing by no later than December 13, 2013.

**IT IS SO ORDERED.**

Dated: December 5, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4