**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METHVEN AND ASSOCIATES PROFESSIONAL CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>SCARLETT PARADIES-STROUD, as administrator of the ESTATE OF ANDREW B. STROUD, et al.,<br><br>    Defendants.<br>_____/ | No. C 13-01079 JSW<br><br>**ORDER GRANTING MOTION TO DEPOSIT** |

    This matter comes before the Court upon consideration of the motion for leave to deposit property filed by Plaintiff in Interpleader Methven & Associates Professional Corporation ("Plaintiff") pursuant to 28 U.S.C. § 1335 and Federal Rule of Civil Procedure 67.[1] Defendants in Interpleader Lisa Simone Kelly as the administrator of the Estate of Nina Simone, Steven Ames Brown, Castle Rock Entertainment, Warner Bros. Entertainment, Inc., Warner Bros. Independent Pictures, and Sony Music Entertainment, Inc. have stipulated to deposit the property at issue. Defendants in Interpleader Scarlett Paradies-Stroud as the administrator of the Estate of Andrew B. Stroud ("Ms. Stroud"), Andy Stroud, Inc. ("ASI"), and Stroud Productions and Enterprises, Inc. ("SPE") (collectively referred to as the "Stroud Defendants") have filed an opposition. The Court has considered the parties' papers, relevant legal authority, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for January 24, 2014 is VACATED. Having

---

[1] The Court DENIES the motion to have this motion heard on shortened time.

considered the parties' pleadings and relevant legal authority, the Court hereby grants Plaintiff's motion to deposit the property at issue.

**ANALYSIS**

"Interpleader is a procedural device used to resolve conflicting claims to money or property. It enables a person or entity in possession of a tangible res or fund of money (the stakeholder) to join in a single suit two or more claimants' asserting mutually exclusive claims to that stake." *Nevada v. Pioneer Cos.*, 245 F. Supp. 2d 1120, 1125 (D. Nev. 2003) (quoting 4 James Wm. Moore, *et al.*, Moore's Federal Practice § 22.02[1] (3d ed 2002)). An interpleader action avoids the problem of multiple, conflicting claims to a single fund by forcing all "claimants" to a limited amount of money or property to resolve their potentially adverse claims all at once, before the same judge. *See*, *e.g.*, *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, (1967). An "[i]nterpleader's primary purpose is not to compensate, but rather to protect stakeholders from multiple liability as well as from the expense of multiple litigation." *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000). Interpleader is an equitable remedy and is governed by equitable principles. *Id.*

In order bring a statutory interpleader action, the plaintiff must establish that there are "two or more adverse claimants, of diverse citizenship ... [who] are claiming or may claim to be entitled to such money or property...." 28 U.S.C. § 1335(a)(1). Moreover, "in order to avail itself of the interpleader remedy, a stakeholder must have a good faith belief that there are or may be colorable competing claims to the stake." *Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 894 (9th Cir. 2012). However, the Ninth Circuit has made clear that "[t]his is not an onerous requirement." *Id*. (citing 4 James Wm. Moore, Moore's Federal Practice § 22.03[1][c] (3d ed. 1997) ("In most cases, it is not difficult for the stakeholder to meet the requirement of a reasonable or good faith fear of multiple litigation, and courts appear to require merely that the stakeholder's concern in this regard be more than conjectural."). "The threshold to establish good faith is necessarily low so as not to conflict with interpleader's pragmatic purpose, which is for the stakeholder to protect itself against the problems posed by multiple claimants to a single fund." *Id*. (internal cites and quotation marks omitted).

2

Additionally, depositing the disputed property into the "court's registry is a jurisdictional requirement to statutory interpleader under 28 U.S.C. § 1335." *Gelfgren v. Republic Nat. Life Ins. Co.* 680 F.2d 79, 81-82 (9th Cir. 1982). Federal Rule of Civil Procedure 67 ("Rule 67") provides the mechanism for depositing the disputed property with the Court. Fed. R. Civ. P. 67. Rule 67 provides, in relevant part:

> In any action in which any part of the relief sought is a judgment for a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing, whether or not that party claims all or any part of the sum or thing.

Fed. R. Civ. P. 67. Rule 67 enables a party to be relieved of responsibility for a disputed fund, while the parties litigate ownership of the fund. *See*, *e.g*., *Qwest Corp. v. City of Portland*, 204 F.R.D. 468, 470 (D. Or. 2001) (quoting *Cajun Elec. Power Coop., Inc. v. Riley Stoker Corp.*, 901 F.2d 441, 444-45 (5th Cir. 1990). The question of whether or not to grant a Rule 67 motion is a matter committed to the Court's discretion. *See Gulf States Util. Co. v. Alabama Power Co.*, 824 F.2d 1465, 1475 (5th Cir. 1987), *modified on other grounds*, 831 F.2d 557 (5th Cir.1987).

"An interpleader action typically involves two stages. In the first stage, the district court decides whether the requirements for [a] rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund." *Lee v. West Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012) (quoting *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010). Then, "[i]f the district court finds that the interpleader action has been properly brought" in the second stage, "the district court will then make a determination of the respective rights of the claimants." *Id*.

Here, the Court finds that Plaintiff has demonstrated the requirements for bringing an interpleader action has been met. Plaintiff has shown that it has "a good faith belief that there are or may be colorable competing claims to the stake." *Michelman*, 685 F.3d at 894. Plaintiff seeks to deposit original audio and video recordings of Nina Simone, inventoried in Exhibit A to the motion. As even the Stroud Defendants concede, the stakeholders have competing claims to the rights to this property that are being litigated in the related cases. (Opp. to Mot. to

3

Deposit at 2.) Moreover, at least two of the stakeholders are diverse and the property at issue has a value of more than $500. Finally, Plaintiff seeks to deposit the property into the Court's registry and has provided notice to the stakeholders of the motion to do so.

The Stroud Defendant's opposition goes more towards the merits of the stakeholders' rights to the property, as opposed to whether the requirements for the statutory interpleader action have been met. The Stroud Defendants argue that the property at issue should be given directly to them because they provided it to Plaintiff when Plaintiff was the attorney for Andrew B. Stroud, ASI and SPE. However, the Stroud Defendants have or will have an opportunity to demonstrate their entitlement to the property either in this interpleader action or in the related actions.

The Stroud Defendants further argue that Plaintiff cannot maintain this interpleader action because it was brought in bad faith and because Plaintiff delayed too long before filing it. The authority to which the Stroud Defendants do not support these propositions. *See Gelfgren*, 680 F. 2d at 81 (holding that costs may be assessed against a stakeholder if a stakeholder has been dilatory or otherwise guilty of bad faith); *Mendez v. Teachers Ins. and Annuity Ass'n and College Retirement Equities Fund*, 982 F.2d 783, 788 (2d Cir. 1992) (holding that delay in bringing action supported district court's denial of motion to discharge, not that bringing the interpleader action was improper). Moreover, the Stroud Defendants have not demonstrated that filing the interpleader action, as opposed to giving the property directly to Ms. Stroud, was done in bad faith. Finally, although it does not appear that Plaintiff unduly delayed in filing this interpleader action, when the issue is relevant the Court will determine whether the delay of less than four months from when Ms. Stroud was designated as the executor of the Estate of Andrew B. Stroud was improper.

Accordingly, the Court grants Plaintiff's motion to deposit the property with the Court.

4

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's motion to deposit the property as inventoried in Exhibit A to the motion with the Court.

**IT IS SO ORDERED.**

Dated: January 21, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE