IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METHVEN AND ASSOCIATES PROFESSIONAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SCARLETT PARADIES-STROUD, as administrator of the ESTATE OF ANDREW B. STROUD, et al.,<br><br>Defendants.<br>_____/ | No. C 13-01079 JSW<br><br>**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS AND FOR AN INJUNCTION** |

This matter comes before the Court upon consideration of the motion for judgment on the pleadings and for an injunction[1] filed by Defendants in Interpleader Scarlett Paradies-Stroud as the administrator of the Estate of Andrew B. Stroud ("Ms. Stroud"), Andy Stroud, Inc. ("ASI"), and Stroud Productions and Enterprises, Inc. ("SPE") (collectively referred to as the "Stroud Defendants"). The Court has considered the parties' papers, relevant legal authority, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for February 7, 2014 is VACATED. Having considered the parties' pleadings and relevant legal authority, the Court hereby denies the Stroud Defendants' motion.

---

[1] The Stroud Defendants do not specify what type of injunction they seek. Because the case is ongoing, the Court presumes that they are seeking a preliminary injunction. However, regardless of whether they seek a preliminary or permanent injunction, the result at this procedural point would be the same.

**ANALYSIS**

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) challenges the legal sufficiency of the claims asserted in the complaint. A Rule 12(c) motion is "functionally identical" to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d 1014, 1023 (N.D. Cal 2008). "For purposes of the motion, the allegations of the non-moving party must be accepted as true . . . Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). However, "[t]he court need not . . . accept as true allegations that contradict matters properly subject to judicial notice . . . ." *Sprewell v. Golden State Warriors*, 266 F. 3d 979, 988 (9th Cir. 2001).

In order to obtain a preliminary injunction, the Stroud Defendants "must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 129 S. Ct. 365, 374 (2008) (citations omitted). The *Winter* court also noted that because injunctive relief is "an extraordinary remedy," it "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 375-76 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*)). Thus, "[i]n each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Id.* at 376 (citing *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987)). "'In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.'" *Id.* at 376-77 (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).

Issuing an injunction that alters status quo *pendente lite*, although disfavored, may be issued where "the facts and law clearly favor the moving party." *Stanley v. University of So. Calif.*, 13 F.3d 1313, 1320 (9th Cir. 1994); *see also Dahl v. HEM Pharmaceuticals Corp.*, 7

2

F.3d 1399, 1403, 1405 (9th Cir. 1993) (noting issuance of injunction requiring affirmative action is subject to heightened scrutiny).

The Stroud Defendants make the same arguments the Court already rejected in the Order granting Plaintiff's motion to deposit the property with the Court. Because the Stroud Defendants have not demonstrated that this interpleader action is improper, the Court DENIES their motion for judgment on the pleadings. Additionally, the Stroud Defendants have not made any showing that a preliminary injunction requiring the property be given to them is warranted. They fail to show how the required factors have been satisfied, let alone the heightened requirements for issuing an injunction that would alter the status quo. Accordingly, the Court DENIES their request for an injunction as well.

**CONCLUSION**

For the foregoing reasons, the Court DENIES the Stroud Defendant's motion for judgment on the pleadings and for an injunction.

In the Order revoking the pro hac vice status of Mr. Robinson, former counsel for the Stroud Defendants, the Court ordered ASI and SPE to obtain new counsel and to have such new counsel file an appearance by January 17, 2014. With respect to Paradies-Stroud, the Court ordered her to provide a statement, with supporting evidence, by January 17, 2014 if she intended to proceed *pro se*. Alternatively, if she intended to obtain new counsel, new counsel was ordered to file an appearance by January 17, 2014. The deadline has passed and no new counsel has made any appearance. Nor has Paradies-Stroud filed any statement, with supporting evidence, that she intends to appear *pro se*. Accordingly, the Court HEREBY ORDERS ASI, SPE, and Paradise-Stroud to Show Cause in writing by no later than February 14, 2014 why any claim they may assert to the property at issue in this interpleader action should not be denied.

///
///
///
///

3

The Court HEREBY CONTINUES the case management conference currently scheduled for February 28, 2014 to March 28, 2014.

**IT IS SO ORDERED.**

Dated: February 4, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4