United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

METHVEN AND ASSOCIATES
PROFESSIONAL CORPORATION,

       Plaintiff,

   v.

SCARLETT PARADIES-STROUD, as
administrator of the ESTATE OF ANDREW
B. STROUD, et al.,

       Defendants.

_____/

No. C 13-01079 JSW

**ORDER REGARDING
APPLICATION FOR SANCTIONS**

Now before the Court is the application filed by Steven Ames Brown for sanctions
against W. Charles Robinson, former counsel for Interpleader Scarlett Paradies-Stroud as the
administrator of the Estate of Andrew B. Stroud ("Ms. Stroud"), Andy Stroud, Inc. ("ASI"), and
Stroud Productions and Enterprises, Inc. ("SPE") (collectively referred to as the "Stroud
Defendants").

The Court notes that after Mr. Robinson was admonished by the Court that his
statements regarding the letter dated November 20, 2012 were misleading, he made a similar
statement to Judge Cousins on January 22, 2014. (*See* Docket No. 590 in Case No. 08-2348;
Docket No. 143 in Case No. 09-3796; Docket No. 194 in Case No. 11-5822.) He stated that he
"sent a letter to the Court on November 20, 2012 in an attempt to advise the Court that no
representative had been appointed to represent the Stroud Estate." Mr. Robinson did not inform
Magistrate Cousins that this Court told Mr. Robinson that the letter he attempted to send was

United States District Court

For the Northern District of California

1    not received and that the Court did not accept communications by letters. In the absence of

2    providing this information to Magistrate Cousins, the minor addition of the words "in an

3    attempt" fail to render Mr. Robinson's statement any less misleading. Moreover, this statement

4    was made in a brief to Magistrate Cousins *after* Mr. Robinson's *pro hac vice* status was

5    revoked. Therefore, he was not authorized to submit a brief on behalf of the Stroud Estate. In

6    doing so, Mr. Robinson flagrantly ignored this Court's order.

7        Additionally, the Court notes that *after* the Ninth Circuit informed Mr. Robinson that

8    orders imposing sanctions against non-party attorneys are not appealable collateral orders, Mr.

9    Robinson represented to this Court "sanction orders issued solely against nonparty attorneys are

10   immediately appealable." (Docket No. 107 in Case No. 13-1079.) "Attorneys are officers of

11   the court and have an ethical obligation to advise the court of legal authority that is directly

12   contrary to a claim being pressed." *In re Reno*, 55 Cal. 4th 428, 510 (2012). "Rule 5–200 of

13   the Rules of Professional Conduct addresses the issue and provides that, '[i]n presenting a

14   matter to a tribunal, a member: [¶] (A) Shall employ ... such means only as are consistent with

15   truth; [and] [¶] (B) Shall not seek to mislead the judge ... by an artifice or false statement of fact

16   or law....'" *Id.* (citing *Southern Pacific Transp. v. P.U.C. of State of Cal.*, 716 F.2d 1285, 1291

17   (9th Cir.1983) (failure to cite opposing authority is a "dereliction of duty to the court")).

18       Finally, the Court notes that even after the frivolous appeal filed by Mr. Robinson was

19   dismissed by the Ninth Circuit, Mr. Robinson has still not paid the $5,000 he was ordered to

20   pay by January 6, 2014. Mr. Robinson is admonished that he shall pay the full $5,000 by no

21   later than July 31, 2014 or will be held in contempt of Court.

22       The Court FURTHER ORDERS Mr. Robinson to show cause in writing by no later than

23   July 31, 2014, why he should not be sanctioned $3,000 for the additional misconduct described

24   ///

25   ///

26   ///

27   ///

28   ///

2

above.  Additionally, Mr. Robinson shall show cause why this Court should not refer this matter

to the New York Bar Association for disciplinary action

**IT IS SO ORDERED.**

Dated: July 21, 2014

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

3