1

2

3

4

5

6                   IN THE UNITED STATES DISTRICT COURT

7

8                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   METHVEN AND ASSOCIATES
    PROFESSIONAL CORPORATION,
10                                                  No. C 13-01079 JSW

11          Plaintiff,

12     v.
                                                    **FURTHER ORDER TO SHOW**
13   SCARLETT PARADIES-STROUD, as                   **CAUSE AGAINST SCARLETT**
     administrator of the ESTATE OF ANDREW          **STROUD, ANDY STROUD INC.**
14   B. STROUD, et al.,                             **AND STROUD PRODUCTIONS**
                                                    **AND ENTERPRISES, INC.**
15          Defendants.
     _____/
16

17          On December 19, 2013, the Court issued an Order revoking the *pro hac vice* status of

18   Mr. Robinson, who was counsel for Scarlett Paradies-Stroud as the representative of the Estate

19   of Andrew Stroud ("Paradies-Stroud"), Andy Stroud, Inc. ("ASI") and Stroud Productions and

20   Enterprises, Inc. ("SPE").  The Court admonished ASI and SPE that they, as corporations,

21   cannot represent themselves.  *See Rowland v. California Men's Colony,* 506 U.S. 194, 201-02

22   (1993); Civil Local Rule 3-9(b).  ASI and SPE were ordered to obtain new counsel and to have

23   such new counsel file an appearance by January 17, 2014.  Neither ASI nor SPE have done so.

24          With respect to Paradies-Stroud, the Court noted that it was not yet clear whether she

25   may proceed *pro se* or must retain counsel in order to appear on behalf of the estate of Andrew

26   B. Stroud.  An attorney must represent a personal representative of an estate where the estate

27   has multiple beneficiaries and creditors.  *See Simon v. Harford Life, Inc.,* 546 F.3d 661, 664 (9th

28   Cir.2008) ("... courts have routinely adhered to the general rule prohibiting *pro se* plaintiffs

     from pursuing claims on behalf of others in a representative capacity"); *Pridgen v. Andresen,*

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    113 F.3d 391, 393 (2nd Cir. 1997); *Warth v. Seldin,* 422 U.S. 490, 499 (1975) (a claimant "must

2    assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or

3    interests of third parties") (quotation omitted); *see also C.E. Pope Equity Trust v. United States,*

4    818 F.2d 696, 697-98 (9th Cir. 1987) (trustee attempting to represent a trust *pro se* was not,

5    pursuant to 28 U.S.C. § 1654, a "party" conducting his "own case personally" as he was not the

6    beneficial owner of the claims being asserted).

7        Paradies-Stroud was Ordered to Show Cause in writing whether she intended to appear

8    *pro se* or through new counsel.  The Court admonished Paradies-Stroud that if she intended to

9    proceed *pro se*, she must demonstrate that she is the sole beneficiary to the estate of Andrew

10   Stroud and that there are no other beneficiaries or creditors.  Paradies-Stroud was ordered to

11   provide this statement, and supporting evidence, by no later than January 17, 2014.  If she

12   intended to obtain new counsel, such counsel was ordered to file an appearance by January 17,

13   2014.  To date, Paradies-Stroud has not filed any response to the Court's Order.

14       Accordingly, sanctions are warranted against ASI, SPE and Paradies-Stroud, both due to

15   these parties' failure to respond and, based on their lack of representation by counsel, their

16   inability to proceed in Court.  With respect to the claims against ASI, SPE and Paradies Stroud

17   as the repsentative of the Stroud Estate, the proper sanction is the striking of any answers that

18   have been filed and the entry of default against them.  With respect to their affirmative claims,

19   the proper sanction is to dismiss those claims.  The initial Order by the Court did not give

20   sufficient notice of these precise sanctions.  Accordingly, the Court is providing a further Order

21   to Show Cause ("Further OSC") to ASI, SPE and Paradise-Stroud as the representative of the

22   Stroud Estate.

23       ASI, SPE and Ms. Stroud are each Ordered to Show Cause in writing by no later than

24   August 22, 2014 why the answers and counterclaims filed by ASI, SPE, and Paradise-Stroud

25   should not be stricken and/or dismissed and why default should not be entered against ASI,

26   SPE, and Paradise-Stroud as the representative of the Stroud Estate.  ASI, SPE, and Paradise-

27   Stroud are admonished that their failure to respond to this OSC by August 22, 2014 will result

28   in the answers filed by ASI, SPE, and Andrew Stroud being stricken, their counterclaims being

dismissed, and default being entered against them in the above captioned matters without further notice.  Moreover, due to their failure to respond to the Order issued on December 19, 2013, and their inability to litigate due to their lack of representation, or, in the case of Paradise-Stroud, her failure to demonstrate that she is authorized to represent the Estate of Andrew Stroud on a *pro se* basis, the counterclaims by ASI, SPE, and the Estate of Andrew Stroud in the above captioned matters will be dismissed for failure to prosecute without further notice.

**IT IS SO ORDERED.**

Dated: August 8, 2014

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California

3