IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METHVEN AND ASSOCIATES PROFESSIONAL CORPORATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SCARLETT PARADIES-STROUD, as administrator of the ESTATE OF ANDREW B. STROUD, et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　／ | No.  C 13-01079 JSW<br><br>**ORDER HOLDING MR. ROBINSON IN CONTEMPT** |

On July 21, 2014, the Court issued an Order to Show Cause to W. Charles Robinson, former counsel for Interpleader Scarlett Paradies-Stroud as the administrator of the Estate of Andrew B. Stroud ("Ms. Stroud"), Andy Stroud, Inc. ("ASI"), and Stroud Productions and Enterprises, Inc. ("SPE") (collectively referred to as the "Stroud Defendants").  The Court admonished Mr. Robinson that if he did not to pay the $5,000 by July 31, 2014, he would be held in contempt of Court.  The Court further ordered Mr. Robinson to show cause by July 31, 2014 why he should not be sanctioned an additional $3,000 for the further misconduct described and why this Court should not refer this matter to the New York Bar Association for disciplinary action.  Mr. Robinson failed to respond.  Therefore, the Court found that sanctioning Mr. Robinson an additional $3,000 and reporting him to the New York Bar

Association was warranted. The Court ordered Mr. Robinson to pay $3,000 to the Court by no later than August 22, 2014.

Moreover, the Court ordered Mr. Robinson to show cause ("OSC") why he should not be held in civil contempt for his failure to pay the $5,000 in sanctions required by the Court's earlier orders. The Court further ordered that if Mr. Robinson failed to pay the additional $3,000 sanction by August 22, 2014, the Court's OSC regarding civil contempt would include the additional $3,000. Mr. Robinson was ordered to file a written response no later August 29, 2014 and was ordered to appear at a hearing on Friday, September 5, 2014 at 9:30 a.m. Mr. Robinson did neither.

If a party disobeys a "specific and definite court order" by failing to "take all reasonable steps within the party's power to comply" with that order, it may be held in contempt. *Go–Video v. Motion Picture Ass'n of Am. ( In re Dual Deck )*, 10 F.3d 693, 695 (9th Cir. 1993). "There is no good faith exception to the requirement of compliance with a court order." *Id*. If, however, a party's actions are based on a "good faith and reasonable interpretation" of the order, it will not be held in contempt of the order. *Id*. Similarly, a party should not be held in contempt based on "a few technical violations where every reasonable effort has been made to comply." *Id*. "Congress has determined that the power to hold a party in contempt is a discretionary power vested in the court whose order has been violated." *Crystal Palace v. Mark Twain*, 817 F.2d 1361, 1364 (9th Cir. 1987).

The Court finds that Mr. Robinson has repeatedly violated this Court's orders and has not shown any good cause for doing so, including his failure to pay the monetary sanctions this Court imposed in an attempt to obtain Mr. Robinson's compliance with its orders. The Court finds that Mr. Robinson should be held in contempt.

The Court now turns to the appropriate remedy. "Civil contempt is characterized by the court's desire to compel obedience to a court order ... or to compensate the contemnor's adversaries for the injuries which result from the non-compliance." *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983) (citations omitted). While the Court should consider the least coercive sanction designed to achieve the goal of compliance with the

2

1 Court's orders, the appropriate sanction is a matter within the Court's discretion. *See United*
2 *States v. Flores*, 628 F.2d 521, 527 (9th Cir. 1980). The Court finds that imposing a fine of
3 $400 per day until Mr. Robinson pays the sanctions in the amount of $8,000 is warranted and is
4 designed to compel compliance with this Court's Orders.

**IT IS SO ORDERED.**

Dated: September 23, 2014



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE