1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7

8                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   METHVEN AND ASSOCIATES
    PROFESSIONAL CORPORATION,
10                                                      No. C 13-01079 JSW

            Plaintiff,
11

12      v.
                                                   **FURTHER ORDER TO SHOW**
13  SCARLETT PARADIES-STROUD, as                   **CAUSE AGAINST SCARLETT**
    administrator of the ESTATE OF ANDREW          **STROUD, ANDY STROUD INC.**
14  B. STROUD, et al.,                             **AND STROUD PRODUCTIONS**
                                                   **AND ENTERPRISES, INC.**
            Defendants.
15  _____/

16

17          On December 19, 2013, the Court issued an Order revoking the *pro hac vice* status of

18  Mr. Robinson, who was counsel for Scarlett Paradies-Stroud as the representative of the Estate

19  of Andrew Stroud ("Paradies-Stroud"), Andy Stroud, Inc. ("ASI") and Stroud Productions and

20  Enterprises, Inc. ("SPE").  The Court admonished ASI and SPE that they, as corporations,

21  cannot represent themselves.  *See Rowland v. California Men's Colony,* 506 U.S. 194, 201-02

22  (1993); Civil Local Rule 3-9(b).  ASI and SPE were ordered to obtain new counsel and to have

23  such new counsel file an appearance by January 17, 2014.  Neither ASI nor SPE have done so.

24          With respect to Paradies-Stroud, the Court noted that it was not yet clear whether she

25  may proceed *pro se* or must retain counsel in order to appear on behalf of the estate of Andrew

26  B. Stroud.  An attorney must represent a personal representative of an estate where the estate

27  has multiple beneficiaries and creditors.  *See Simon v. Harford Life, Inc.,* 546 F.3d 661, 664 (9th

28  Cir. 2008) ("... courts have routinely adhered to the general rule prohibiting *pro se* plaintiffs

United States District Court

For the Northern District of California

from pursuing claims on behalf of others in a representative capacity"); *Pridgen v. Andresen,* 113 F.3d 391, 393 (2nd Cir. 1997); *Warth v. Seldin,* 422 U.S. 490, 499 (1975) (a claimant "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties") (quotation omitted); *see also C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697-98 (9th Cir. 1987) (trustee attempting to represent a trust *pro se* was not, pursuant to 28 U.S.C. § 1654, a "party" conducting his "own case personally" as he was not the beneficial owner of the claims being asserted).

Paradies-Stroud was Ordered to Show Cause ("OSC") in writing whether she intended to appear *pro se* or through new counsel. The Court admonished Paradies-Stroud that if she intended to proceed *pro se*, she must demonstrate that she is the sole beneficiary to the estate of Andrew Stroud and that there are no other beneficiaries or creditors. Paradies-Stroud was ordered to provide this statement, and supporting evidence, by no later than January 17, 2014. If she intended to obtain new counsel, such counsel was ordered to file an appearance by January 17, 2014. Paradies-Stroud did not file any response to the Court's Order.

Accordingly, the Court found that sanctions were warranted against ASI, SPE and Paradies-Stroud, both due to these parties' failure to respond and, based on their lack of representation by counsel, their inability to proceed in Court. With respect to the claims against ASI, SPE and Paradies Stroud as the representative of the Stroud Estate, the Court explained that proper sanction was the striking of their answer and the entry of default against them. With respect to their affirmative counterclaims, the proper sanction was to dismiss those claims. The initial Order by the Court did not give sufficient notice of these precise sanctions. Accordingly, the Court provided a further OSC to ASI, SPE and Paradise-Stroud as the representative of the Stroud Estate.

ASI, SPE and Ms. Stroud were each Ordered to Show Cause in writing by no later than August 22, 2014 why the answers and counterclaims filed by ASI, SPE, and Paradise-Stroud should not be stricken and/or dismissed and why default should not be entered against ASI, SPE, and Paradise-Stroud as the representative of the Stroud Estate. ASI, SPE, and Paradise-Stroud were admonished that their failure to respond to this OSC by August 22, 2014 would

**United States District Court**
For the Northern District of California

1   result in the answers filed by ASI, SPE, and Andrew Stroud being stricken, their counterclaims

2   being dismissed, and default being entered against them in the above captioned matters without

3   further notice.  Moreover, due to their failure to respond to the Order issued on December 19,

4   2013, and their inability to litigate due to their lack of representation, or, in the case of Paradise-

5   Stroud, her failure to demonstrate that she is authorized to represent the Estate of Andrew

6   Stroud on a *pro se* basis, the counterclaims by ASI, SPE, and the Estate of Andrew Stroud in the

7   above captioned matters would be dismissed for failure to prosecute without further notice.

8         ASI, SPE and Paradies-Stroud each failed to respond to the further OSC.  Therefore, the

9   Court HEREBY DISMISSES the affirmative counterclaims by ASI, SPE and Paradies-Stroud

10   and STRIKES their answer and ENTERS DEFAULT against them.

11         **IT IS SO ORDERED.**

12

13   Dated: September 24, 2014



14   JEFFREY S. WHITE
    UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3